JUSTICE RICE
dissenting.
¶34 While we may prefer to look the other way and keep on driving, *376 a law enforcement officer does not have that luxury when public behavior is potentially unlawful. Likewise, the law requires of this Court a fair review, even if the particular conduct at issue is sex.
¶35 The Court faults the officer’s stop because a couple having sex while parked in an admittedly public place “is not criminal activity” and did not “indicate that criminal wrongdoing was occurring.” It may come as a surprise to some that having sexual intercourse in public circumstances is neither a criminal activity nor activity giving rise to a suspicion of wrongdoing. It always has been in the past.
¶36 The Court vaguely dismisses the State’s arguments about the potential criminal charges which could have related to this sexual conduct as “simply unsupportable,” and states that particularized suspicion “requires far more”-but fails to explain just what more would have been required before an officer could stop “to obtain or verify an account of the person’s presence or conduct” in a situation involving sex in public circumstances. Section 46-5-401, MCA. I submit that, far from needing “far more,” virtually any fact which may have been added to the situation here would have supported, not just particularized suspicion, but probable cause that a sex crime was being committed. For example, if the woman had called for help, or if the couple had been unclothed in a slightly more exposed way, the officer would have had probable cause to respond.
¶37 In contrast, particularized suspicion requires only “objective data” from which an officer may make inferences leading to a suspicion of wrongdoing. The District Court’s Finding Nos. 6 and 7, that the officer observed the couple while engaged in a kiss followed by the passenger mounting the defendant along a public road on the officer’s routine patrol route constituted sufficient data for the officer to stop and inquire. However, from now on, officers will only be able to wave as they drive by.
¶38 We should not allow our squeamishness to turn our eyes from the law. There was particularized suspicion for a stop, and I would affirm.